JAMES MORGAN, PLAINTIFF, v. AETNA BUSINESS CREDIT, INC., DEFENDANT/THIRD-PARTY PLAINTIFF, v. UNION MACHINE COMPANY, ET ALS., THIRD-PARTY DEFENDANTS.

Superior Court of New Jersey
Law Division Middlesex County

March 31, 1985.

*John M. Willis* for plaintiff (*Levinson, Conover, Axelrod, Wheaton & Grayzel,* attorneys).

*Timothy Boderck* for defendant (*Eichler, Forgosh, Gottilla & Rudnick,* attorneys).

BACHMAN, J.S.C.

This is a motion for a summary judgment made by defendant, Aetna Business Credit Inc. (hereinafter referred to as Aetna) as to the Second Count of plaintiff's complaint. That particular count alleges that a printing press which caused injury to plaintiff was "negligently owned, maintained and serviced by defendant, Aetna", who sold it to plaintiff's employer.

The First Count of the complaint, alleging strict liability against Aetna, was previously dismissed as a result of a prior motion.

Plaintiff sustained an injury when he caught his fingers between the rollers of the printing press. At the time, he was employed by Elwin Packaging Corporation (hereinafter referred to as Elwin). Elwin had purchased the printing press from Aetna.

Aetna was not in the business of selling printing presses. It was in fact a financial institution. Aetna was not a manufac-

turer, dealer, wholesaler, distributor or retailer of printing presses. Aetna came into ownership of the press because the prior owner had defaulted on a loan Aetna made to it. The printing press, together with other assets, had been collateral for the loan. Aetna never utilized, modified, nor maintained the press while in its possession. The only inspection performed on the press was an appraisal to determine its value. The press was then sold to Elwin as a means to try to recoup part of the funds that had been loaned to the prior owner.

The theory which is asserted by plaintiff is that any seller is under an obligation to use reasonable care to see to it that what it transfers is not potentially dangerous to those who will foreseeably use the object. The question then is whether this seller of the machine, a lending institution which is not in the usual business of selling that type of machine, is burdened with such a responsibility. The research of this court has revealed no cases in our State dealing with the responsibility of a lending institution that sold an object which had been obtained through a similar transaction. Also, the court has found no cases involving any such obligation imposed upon the other types of casual sellers such as Estates, heirs, judgment, creditors, lien holders, Bankruptcy trustees, etc.

To impose an obligation on a theory of negligence, there must be some breach of duty by action or inaction on the part of the entity against whom the duty is being asserted. *Brody v. Albert Lipson & Sons,* 17 *N.J.* 383, 389 (1955). "Whether or not duty exists is ultimately a question of fairness and [t]he inquiry involves a weighing of the relationship of the parties, the nature of the risk and the public interest in the proposed solution." *Goldberg v. Newark Housing Authority,* 38 *N.J.* 578, 583 (1962); *Essex v. New Jersey Bell Telephone Company,* 166 *N.J.Super* 124 (App.Div.1979). "Duty arises out of a relationship between the particular parties that in right reason and essential justice enjoins the protection of the one by the other against what the law by common consent deems an

unreasonable risk of harm, such as is reasonably foreseeable". *Wytupek v. City of Camden*, 25 *N.J.* 450, 461 (1957).

The defendant seller was not an entity which held itself out as being an expert in printing presses. It had no specialized knowledge of producing, manufacturing or distributing printing presses. One realistically and reasonably would not rely on the opinion of a banker as to whether a printing press was safe or unsafe. But yet, that same banker, as defendant here, will find himself in a position where he must sell a printing press to save his institution from a substantial loss. The imposition of the duty suggested by the plaintiff would therefore certainly appear to be an onerous and unreasonable burden.

This court is well aware that all sellers are not under the same burden. In *Fedor v. Albert*, 110 *N.J.L.* 493, 496 (E & A 1933), it was held that a second-hand dealer was not under the same duty as would be a manufacturer or original seller. To place this obligation upon lending institutions would have grave consequences. The cost of inspections of the numerous types of machines, equipment, vehicles and other objects received as collateral would certainly have an effect upon the willingness to extend loans and at least have an effect upon the cost of the loan. In addition, the rejection of such an obligation would not deprive injured parties of relief. Manufacturers, original sellers, repairmen and others who played an actual part in the design, manufacture, maintenance and distribution of the machine would still be accountable. These are the entities who hold themselves out to have expertise and should be obligated to use reasonable care.

Dean Prosser has said "the court will find a duty where, in general, reasonable men would recognize and agree that it exists." *Prosser, Law of Torts*, Section 53, p. 325. This court believes that reasonable men would not recognize a duty on a financial institution such as defendant, Aetna.

The motion for summary judgment will therefore be granted.